

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2005

# Doherty v. Teamsters Pension

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Doherty v. Teamsters Pension" (2005). *2005 Decisions.* Paper 790.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/790

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO.  04-3331
_____

PAUL S. DOHERTY, JR.; RICHARD ST. PIERRE; MONOMOY, INC.;
ARROWPAC, INC.; ST. DOHERTY TRUCK LINES, INC.; ARROWPAC/SAN
JUAN FREIGHT, INC.; SADDLE RIDGE ASSOCIATES

v.

TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY


PAUL S. DOHERTY, JR.; RICHARD ST. PIERRE; MONOMOY, INC.;
ARROWPAC, INC.; ST. DOHERTY TRUCK LINES, INC.; ARROWPAC/SAN
JUAN FREIGHT, INC.; SADDLE RIDGE ASSOCIATES,
Third Party Plaintiffs

v.

BRACH, EICHLER, ROSENBERG, SILVER, BERNSTEIN, HAMMER &
GLADSTONE, a Professional Corporation; ESTATE OF ALLEN H.
KLINGER; ALAN H. BERNSTEIN; WILLIAM L. BRACH; TODD C. BROWER;
RICHARD J. DRIVER; BURTON L. EICHLER; JOHN D. FANBURG; WILLIAM J.
FRIEDMAN; STUART M. GLADSTONE; CHARLES X. GORMALLY; JOSEPH M.
GORRELL;
ALAN R. HAMMER; BRUCE KLEINMAN; BRIAN R. LENKER; ALAN S. PRALGEVER;
DAVID J. RITTER; PAUL F. ROSENBERG; MICHAEL I. SCHNECK; HARRIS R. SILVER;
ALEXANDER J. TAFRO; JOHN DOES 1-X,
Third Party Defendants

*(Dist. of N.J. No. 92-cv-00523)
(District Judge: Honorable John W. Bissell, Chief Judge)


*CHARLES J. SCHAFFER, JR., Administrator of the Teamsters Pension
Trust Fund of Philadelphia and Vicinity

v.

MONOMOY, INC.; ST. DOHERTY TRUCK LINES, INC.; ARROWPAC, INC.; ARROWPAC/SAN JUAN FREIGHT, INC.; SADDLE RIDGE ASSOCIATES; PAUL S. DOHERTY, JR.; RICHARD A. ST. PIERRE

(Dist. of N.J. No. 92-cv-00552)
(District Judge: Honorable John W. Bissell, Chief Judgel)

Teamsters Pension Trust Fund of Philadelphia and Vicinity;
Paul S. Doherty, Jr.; Richard St. Pierre; Monomoy, Inc.;
Arrowpac, Inc.; St. Doherty Truck Lines, Inc.; Arrowpac/
San Juan Freight, Inc.; and Saddle Ridge Associates,
*Appellants*

*(Amended per Clerk's Order dated 9/13/04)

_____

Argued July 12, 2005

Before: ALITO, BECKER, and GREENBERG, *Circuit Judges*

(Filed July 22, 2005)

PAUL A. FRIEDMAN (Argued)
Bisceglie & Friedman
One Newark Center
19th Floor
Newark, New Jersey 07102

PAUL S. DOHERTY, III
Hartman, Doherty & Rosa
126 State Street
First Floor
Hackensack, New Jerery   07601

    *Attorneys for Appellants*

PATRICK M. STANTON
CHERYL M. STANTON (Argued)

Ogletree, Deakins, Nash, Smoak & Stewart
10 Madison Avenue
Suite 402
Morristown, New Jersey 07960

     *Attorneys for Appellees*

_____

BENCH OPINION

_____

BECKER, *Circuit Judge*.

     **JUDGE BECKER**: I will deliver the judgment of the Court.  The judgment of the Court is that this case, this appeal will be dismissed for lack of subject matter jurisdiction.

     **JUDGE BECKER**: I note preliminarily that when I refer to subject matter jurisdiction I refer to subject matter jurisdiction of the District Court.  If the District Court had no subject matter jurisdiction, *a fortiori*, this Court has no subject matter jurisdiction.

     So this is not a matter of appellate jurisdiction, this is a matter of federal subject matter jurisdiction.

     28 U.S.C. § 1367 provides for supplemental jurisdiction, and this being a supplemental jurisdiction case, the existence of subject matter jurisdiction depends under the jurisprudence as to whether or not the state claim forms part of the same case or controversy as the underlying federal claim, in which case the Court must determine whether the two claims arise from a common nucleus of operative fact.

     As Judge Greenberg emphasized in his opinion in *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995), this is a fact-sensitive inquiry.

     In this case the state law claim, which is a garden variety malpractice claim, arises

entirely out of counsel's performance in pursuing the federal law claims. The facts giving rise to the two claims are entirely separate.

Now it is true that some of the facts relevant to the malpractice action may also be relevant to the question whether the District Court had jurisdiction over the federal suit – i.e. the facts relevant to whether the Doherty parties requested arbitration in a timely fashion – but there is no overlap between the facts relevant to the merits of the federal action, which concerns solely the question whether the Doherty parties were liable for interim withdrawal payments, and the facts relevant to the current action, which concerns solely the law firm's malpractice in representing the Doherty parties in the underlying action.

At all events, even if there was supplemental jurisdiction under 1367(a), the District Court should have declined to exercise supplemental jurisdiction under 1367© because this claim raises a novel and complex issue of state law. See 28 U.S.C. § 1367(c)(1).

The New Jersey Supreme Court has yet to decide the assignability of a legal malpractice claim. I will not burden the record with citation to the authority.

Suffice it to say that the parties have pointed out to us that New Jersey law is in considerable confusion on this very important issue.

And under those circumstances, given the importance of that issue and the potential consequences of such a decision, we think it imprudent for a federal court to weigh in, and we believe that the District Court abused its discretion in failing to decline supplemental jurisdiction under 1367(c).

For these reasons, the action will be dismissed for lack of subject matter jurisdiction, and it will be remanded to the district court for entry of an order vacating its order granting summary judgment.

I note in this regard that under 28 U.S.C. Section 1367(d) the period of limitations for any claim asserted under subsection (a) is tolled while the claim is pending and for a period fo 30 days after it is dismissed, unless state law provides for a longer tolling period.

So the able parties, able counsel here, can certainly do whatever they have to to get this matter into state court where it belongs.

That constitutes the opinion and judgment of this Court.

Judge Alito, do you have any suggestions or corrections or additions?

**JUDGE ALITO**: No.

**JUDGE BECKER**: Judge Greenberg?

**JUDGE GREENBERG**: I don't have any.

**JUDGE BECKER**: The clerk will arrange for transcription of this bench opinion by a court reporter ultimately for publication in the Federal Appendix.